NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000020
21-JUL-2011
08:39 AM

NO. CAAP-11-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of the Tax Appeal of KAHANA VILLA VACATION CLUB,
Taxpayer-Appellant/Appellant,
v.
STATE OF HAWAIʻI, DEPARTMENT OF TAXATION, Appellee/Appellee

APPEAL FROM THE TAX APPEAL COURT
(Tax Appeal Case No. 09-1-0019)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Taxpayer-Appellant/Appellant Kahana Villa Vacation Club's (Appellant Kahana Villa Vacation Club) appeal from the Honorable Gary W.B. Chang's December 13, 2010 "Order Denying Appellant Kahana Villa Vacation Club's Motion for Summary Judgment Filed on September 2, 2010" (the December 13, 2010 order denying summary judgment) because the December 23, 2010 order denying summary judgment is not an appealable final decision pursuant to Hawaii Revised Statutes (HRS) § 232-19 (Supp. 2010).

HRS § 232-19 provides in part:

Any taxpayer or county aggrieved or the assessor may appeal to the intermediate appellate court, subject to chapter 602, from the decision of the tax appeal court by filing a written notice of appeal with the tax appeal court and depositing therewith the costs of appeal within thirty days after the filing of the decision.

(Emphasis added). Rule 29 of the Rules of the Tax Appeal Court of the State of Hawai'i (RTAC) provides that, "[i]n procedural matters not specifically provided for by the foregoing rules, the court will be guided, to the extent applicable, by . . . the Hawai'i Rules of Civil Procedure." However, the Supreme Court of Hawai'i has held that the separate document rule under HRCP Rule 58 and the holding in Jenkins does not apply to appeals from final decisions by tax appeal courts, and, thus, "no separate judgment is required and appeals must be noted within 30 days of a [tax appeal court] decision." Alford v. City and County of Honolulu, 109 Hawai'i 14, 22, 122 P.3d 809, 817 (2005) (citation and internal quotation marks omitted); Lewis v. Kawafuchi, 108 Hawai'i 69, 73, 116 P.3d 711, 715 (App. 2005). Therefore, no judgment is necessary for an appeal pursuant to HRS § 232-19. Nevertheless, a tax appeal court's order is appealable pursuant to HRS § 232-19 "where the decision of the court finally deciding a tax appeal is clearly ascertainable[.]" Alford, 109 Hawai'i at 23, 122 P.3d at 818. Although HRS § 232-19 specifically authorizes an appeal from the "decision" of the tax appeal court, the word "'[d]ecision' is not defined by the statutes or rules governing tax appeals. However, consistent with the general rule of finality governing appeals, the appealable 'decision of the tax appeal court,' HRS § 232-19, should be the decision that

finally decides all issues in the tax appeal." Alford, 109 Hawai'i at 23, 122 P.3d at 818 (emphasis added).

The tax appeal court's December 18, 2010 order denying summary judgment did not finally decide all issues in the tax appeal, but, instead, all issues in the tax appeal are still pending before the tax appeal court and proceeding forward to a trial on the merits. Therefore, the December 18, 2010 order denying summary judgment is not an appealable final decision pursuant to HRS § 232-19. Absent an appealable final decision, this appeal is premature and the intermediate court of appeals lacks jurisdiction. Accordingly,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000020 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, July 21, 2011.

Presiding Judge

Associate Judge

Associate Judge